## DEPIERRIS v. SLAVEN.

(Supreme Court, General Term, First Department.   June 15, 1894.)

1. ABATEMENT—ANOTHER ACTION PENDING.
    A petition in the surrogate's court to compel an administrator to account cannot be maintained where an action by petitioner in the supreme court, for the same purpose, is pending.
2. PARTIES—OATH AS TO INTEREST.
    A surrogate is not bound to entertain an application merely on the oath of petitioner that he has an interest in the matter.

Appeal from surrogate's court, New York county.

Proceeding by Maud E. Slaven Depierris to compel Ellen A. Slaven to settle her accounts as executor of the will of Moses A. Slaven, deceased.   The proceeding was dismissed, and petitioner appeals.   Affirmed.

Argued before VAN BRUNT, P. J., and PARKER and BARRETT, JJ.

A. H. Holmes, for appellant.

A. H. Joline, for respondent.

VAN BRUNT, P. J.  We see no reason for interfering with the conclusion arrived at by the surrogate.  There were two grounds upon which his decision seems to have rested:  First, that the appellant was not a party in interest; and, secondly, that, having commenced an action in the supreme court for an accounting, she would not be allowed to maintain an independent proceeding in the surrogate's court.

It is urged upon the part of the appellant that, she having sworn that she was a party in interest, the surrogate had no discretion, and, as the supreme court may not entertain the action for the accounting, the surrogate erred in dismissing the proceeding before him.  We are not aware that it has yet been established that because a party swears that he has an interest, and the papers, upon their face, show that he has not, the surrogate is bound to entertain any application by such party.  The interest of the appellant can only be established by a successful maintenance of her suit in the supreme court, and it seems to be time enough for the consideration of the question of accounting when she has established an interest, which, upon the record, apparently does not exist.  Furthermore, the appellant has chosen her forum; and, having filed a bill in the supreme court for an accounting, there is no reason why she should have an independent proceeding.  If the court should refuse to entertain that branch of her action which pertains to the accounting, it will be time enough then, in case the court shall decide that she has an interest, for the appellant to pursue her remedies in the surrogate's court.  The order should be affirmed, with costs. All concur.